(Nos. 2021, 2022, consolidated—

DORA BRITTIN, ADMINISTRATRIX, No. 2021; EVA BOLIN, No. 2022, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

RICHARD F. DUNN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

In the first case No. 2021, counsel has declared it common law that Bleve Bolin was on the 28th day of May, 1932 employed by the State of Illinois in McLean County in the maintenance of a hard road and was then struck by an automobile and died from the injury sustained on the evening of the same day, and alleges damage in the sum of Five Hundred Forty Dollars ($540.00), and No. 2022, the suit is commenced by Eva Bolin, a widow of the decedent, and was declared at common law. The Attorney General and this court elected to consider these claims under the Compensation Act, enough having been set forth in them to justify that action.

They were both filed November 26, 1932; case No. 2021 includes items for which there can be no recovery. In this suit they are claiming $25.00 for burial suit, $12.00 for digging the grave, $50.00 for Dr. O. H. Ball, $15.00 for St. Joseph's Hospital, $6.00 for nurse, and $432.00 funeral expenses.

Unquestionably this case is under the Workmen's Compensation Act and the injury received by the deceased arose out of and in the course of his employment. He had only worked three days and received forty cents an hour and worked nine hours a day and six days a week. He had been cutting weeds for the State along the highway and it was only customary for men who worked at this employment to work about six months of the year.

Pursuant to item "E" of Section 9 of the Workmen's Compensation Act, we must figure his earnings as two hundred times his daily wage; that would be $720.00 per annum, and under the terms of Section "A" of paragraph 7, his widow would be entitled to four times that amount or the sum of $2,880.00. He was approximately seventy-seven years of age and his wife was sixty-eight years old at the time of his death, but he was in good health. They had no children.

The time elapsing from the date of the death of the deceased until July 1, 1935, when it will be assumed that payments will be made to the claimant, will be three years, one month and three days. She has not received any payments and on this July 1st next, she will be entitled to the sum of $1,811.80 which leaves a balance of $1,068.20. This sum must be commuted pursuant to the Compensation Act on the basis of three percent with annual rests. Under the Compensation Act she is entitled to payments at the rate of $11.30 per week or the sum of $1,034.03, that being the cash value as of July 1, 1935.

In addition to this she is entitled to the sum of $1,811.80 being the amount of the accumulated weekly payments or the sum of $2,845.83.

The decedent died the same day he received the injury and he was beyond medical care or attention at the time the doctor saw him. The claim of $50.00 is made for doctor's services. We think $10.00 to be a reasonable fee. St. Joseph's Hospital in Bloomington has a charge of $15.00 and the nurse a charge of $6.00 and we add $31.00 to the above and disallow the claim for burial clothes and funeral expenses.

Therefore, we recommend that the widow claimant, Eva Bolin, be awarded the sum of $2,876.83.